# In the United States Court of Federal Claims

| | |
|---|---|
| CHRISTINE ALLISON DIANE ROBINSON, <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant. | No. 24-cv-166 <br><br> Filed: November 7, 2024 |

**ORDER**

On September 17, 2024, this Court dismissed Plaintiff's claims for lack of jurisdiction under Rules 12(b)(1) and 12(h)(3), and, alternatively, for failure to state a claim under Rule 12(b)(6).  *See Robinson v. United States*, No. 24-166, 2024 WL 4524743 (Fed. Cl. Sept. 17, 2024) (Opinion).  On October 11, 2024, Plaintiff filed a Motion for Reconsideration.  Motion for Reconsideration for Judicial Errors (ECF No. 41) (Motion or Mot.).  Defendant responded on October 24, 2024.  Defendant's Response to Plaintiff's Motion for Reconsideration (ECF No. 43) (Resp.).  Plaintiff advances seven arguments why this Court should reconsider its Opinion.  Mot. at 1–4.[1]  None are meritorious.  For the reasons discussed below, Plaintiff's Motion for Reconsideration is **DENIED**.

Plaintiff does not specify under which Rule she moves for reconsideration.  A party may move for reconsideration after judgment under Rules 52, 59 or 60 of the Rules of the United States

---

[1] Citations throughout this Order reference the ECF-assigned page numbers, which do not always correspond to the pagination within the document.

Court of Federal Claims (Rule(s)). *See* Rules 52, 59, 60; *Hutchinson v. United States*, 171 Fed. Cl. 570, 573 (2024) ("[Rules] 52, 59, and 60 describe the circumstances under which the Court may permit reconsideration of a judgment after a case is closed."). Rule 52 permits the Court to "amend its findings—or make additional findings." Rule 52(b). Rule 59(a)(1) permits a court to grant reconsideration "for any reason for which a new trial has heretofore been granted in an action at law" or "in a suit in equity in federal court," as well as "upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States." Rule 59(a)(1)(A)–(C). Rule 60 gives this Court the power to correct non-substantive clerical errors in a prior judgment. Rule 60.

Rules 52, 59, and 60 each "reflect the broad discretion afforded the trial judge in choosing to grant a motion for reconsideration." *Hutchinson*, 171 Fed. Cl. at 573. Under any of these Rules, the "three primary grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Id.* (quoting *Del. Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1383 (Fed. Cir. 2010)); *see also Biery v. United States*, 818 F.3d 704, 711 (Fed. Cir. 2016) (noting same three factors). A motion for reconsideration "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment," *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1 (2d ed. 1995) (Wright & Miller)), and must be supported "by a showing of extraordinary circumstances which justify relief," *Biery*, 818 F.3d at 711 (quoting *Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004)); *see also Caldwell*, 391 F.3d at 1235 (noting that Rule 59(a) has "rigorous standards").

The Court must deny Plaintiff's Motion for Reconsideration as the Motion does not rest on newly discovered evidence or an intervening change in case law, and as Plaintiff not established "a need to correct clear factual or legal error or prevent manifest injustice." *Biery*, 818 F.3d at 711 (quoting *Young v. United States*, 94 Fed. Cl. 671, 674 (Fed. Cl. 2010)). Each of Plaintiff's arguments in her Motion were raised—or could have been raised—prior to this Court's judgment. *See Exxon Shipping*, 554 U.S. at 485 n.5 (quoting Wright & Miller § 2810.1). Plaintiff "was afforded a full and fair opportunity" to make her case. *Fillmore Equip. of Holland, Inc. v. United States*, 105 Fed. Cl. 1, 7 (2012), *aff'd*, No. 2013-5048, 2013 WL 5450651 (Fed. Cir. June 18, 2013). Indeed, this Court granted Plaintiff ample opportunity to make her case, permitting six deficient filings and holding two hearings. *See* Order, dated June 3, 2024 (ECF No. 16) (permitting deficient filing); Transcript, dated June 4, 2024 (ECF No. 40) (Status Conf. Tr.); Scheduling Order, dated July 17, 2024 (ECF No. 22) (setting oral argument for September 11, 2024);Order, dated Aug. 8, 2024 (ECF No. 23) (permitting deficient filing); Order, dated Sept. 3, 2024 (ECF No. 26) (same); Order, dated Sept. 3, 2024 (ECF No. 28) (same); Order, dated Sept. 11, 2024 (ECF No. 31) (same); Order, dated Sept. 11, 2024 (ECF No. 32) (same); Transcript, dated Sept. 11, 2024 (ECF No. 36) (Oral Arg. Tr.); *see also* Oral Arg. Tr. at 27:22–28:1 (THE COURT: "[T]his is an opportunity today for you to just say anything further or explain anything more about your argument to me. And you've done so today. I'm just asking if you have anything else that you would like me to hear today.").

Plaintiff asserts seven errors in this Court's Opinion. Mot. at 1–4. Plaintiff argues that (1) "Defendant failed to answer—admit or deny—the allegations in Plaintiff's Bill in Equity"; (2) "[T]his Court has subject matter jurisdiction based on Article III Section 2 of the Constitution"; (3) "Clerical Mistakes in the Civil Docket affected Plaintiff's substantial rights"; (4) "Defendant

submitted no facts linking Plaintiff to the 'sovereign citizen' theory"; (5) "The Court and the Defendant acted in collusion to discriminate, discredit, and deprive plaintiff of her substantive rights"; (6) "There is no evidence that [Judge Roumel and [the Clerk of Court] took Oaths of Office"; and (7) "Judge [Roumel and the Clerk of Court] are in breach of fiduciary duty towards plaintiff." Mot. at 1–4.

As Defendant correctly notes, this Court dismissed Plaintiff's claims for lack of jurisdiction, yet only one of Plaintiff's arguments for reconsideration concerns jurisdiction. Resp. at 4. That argument—that this Court has jurisdiction under Article III, Section 2—fails because it was already raised by Plaintiff and rejected by this Court. *See* Mot. at 2; Plaintiff's Response to Defendant's Motion to Dismiss (ECF No. 24) (Pl. Resp.) at 2; *Robinson*, 2024 WL 4524743, at *7 (holding that Plaintiff's reliance on Article III of the Constitution does not support a finding of jurisdiction over Plaintiff's claims). As a motion for reconsideration "may not be used to relitigate old matters," this Court denies Plaintiff's Motion with respect to her jurisdictional argument. *Exxon Shipping*, 554 U.S. at 485 n.5 (quoting Wright & Miller § 2810.1).

Plaintiff's remaining arguments, which do not implicate this Court's jurisdiction were either raised or could have been raised previously, all fall far short of the "rigorous standards" required for reconsideration. *Caldwell*, 391 F.3d at 1235; *Exxon Shipping*, 554 U.S. at 485 n.5 (quoting Wright & Miller § 2810.1). For example, Plaintiff argued—and this Court rejected—that Defendant failed to admit or deny the allegations in Plaintiff's Complaint in briefing and during oral argument. *See* Mot. at 1; Oral Arg. Tr. at 32:21–33:11; Status Conf. Tr. at 8:3–10:12; Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Hearing and Reply in Support of Our Motion to Dismiss (ECF No. 14) at 2–3; *see also* Rule 12(b).

Additionally, during oral argument and in multiple pleadings, Plaintiff raised three of the four purported clerical mistake arguments she asserts in her Motion. *See* Mot. at 2–3; Oral Arg. at 14:1–15, 15:8–22; 16:1–14, 16:25–17:15, 26:11–27:4; Notice of Correction to Errors on the Civil Docket (ECF No. 12) at 1 (seeking to correct the same purported clerical mistakes); Affidavit and Notice of Errors on Civil Docket (ECF No. 34) at 1–2 (same). The only purported clerical error not previously raised in Plaintiff's prior pleadings or in proceedings before this Court is the alleged failure to remit a receipt for Plaintiff's payment of the Court's filing fee. Mot. at 3. However, this Court does not remit paper receipts. Rather, as was done here, the Clerk of Court indicates on the docket that payment was received. *See* Docket Text at ECF No. 1 (noting receipt of "Filing Fee $405, Receipt number CFC 2000000105"). Regardless of the merit of this argument, it does not warrant reconsideration because Plaintiff could have raised this argument before judgment was entered. *Exxon Shipping*, 554 U.S. at 485 n.5 (quoting Wright & Miller § 2810.1).

Plaintiff also previously argued that she was not a sovereign citizen, repeatedly challenging characterizations of her as a sovereign citizen throughout this case. *See* Mot. at 3; Pl. Resp. at 1 ("Plaintiff denies allegations of being categorized as a 'sovereign citizen.'"); Oral Arg. Tr. at 28:25–29:5; *see also Robinson*, 2024 WL 4524743, at *6 ("Plaintiff disclaims the characterization of her claim as that of sovereign citizenship."). Similarly, Plaintiff's new argument in her Motion, that the Court and Defendant purportedly "acted in collusion" to discredit her based on the claim that she was a sovereign citizen, is simply an attempt to relitigate this issue of whether Plaintiff's arguments are aptly characterized as sovereign citizen arguments, which, as discussed, this Court fully considered in its Opinion. Mot. at 3–4; *Robinson*, 2024 WL 4524743, at *5–7. Plaintiff's contentions that she is not a sovereign citizen, that the Court made clerical errors, and that

Defendant failed to admit or deny Plaintiff's allegations do not warrant reconsideration because they were or should have been raised previously and Plaintiff cites no new legal or factual developments nor does she identify any clear errors. *See Biery*, 818 F.3d at 711; *Exxon Shipping*, 554 U.S. at 485 n.5 (quoting Wright & Miller § 2810.1).

Plaintiff raises two new arguments that she did not previously assert before judgment. Mot. at 4–5. However, because Plaintiff could have raised both arguments before this Court entered judgment, neither warrants reconsideration. *Exxon Shipping*, 554 U.S. at 485 n.5 (quoting Wright & Miller § 2810.1). *First*, Plaintiff raises a new argument that the Court and the Clerk of Court failed to take their oaths of office. Mot. at 4. Although Plaintiff mentioned the Court's oath of office in multiple filings, she never argued that the Court and the Clerk of Court failed to take their oaths. *See* Pl. Resp. at 4 (referencing the Court's oath); Plaintiff's Reply to Defendant's Motion to Suspend Briefing (ECF No. 17) at 4 (same). Though of questionable merit, Plaintiff could have raised this argument expressly when she referenced to the Court's oath but did not. *Second*, Plaintiff argues that the Court and the Clerk of Court violated their fiduciary duty to Plaintiff. Mot. at 4–5. To the extent that this alleged breach of fiduciary duty arose before this Court's Opinion and is related to the alleged clerical errors and alleged lack of production of the Court and the Clerk of Court's oaths, Plaintiff was required to raise this argument before Judgment. *See Exxon Shipping*, 554 U.S. at 485 n.5 (quoting Wright & Miller § 2810.1); Mot. at 4–5. Even if an alleged breach occurred when the Court dismissed Plaintiff's claims, reconsideration would still be improper because there has been no "intervening change in the controlling law, newly discovered evidence," and there is no "need to correct clear factual or legal error or prevent manifest injustice." *Biery*, 818 F.3d at 711 (citing *Young*, 94 Fed. Cl. at 674). As nothing prevented Plaintiff from raising these arguments before Judgment, reconsideration of the non-jurisdictional arguments

6

asserted in her Motion is also improper. *See Exxon Shipping*, 554 U.S. at 485 n.5 (quoting Wright & Miller § 2810.1); *see also Del. Valley Floral Grp.*, 597 F.3d at 1384 (citation omitted) ("[A] motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made.").

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration (ECF No. 41) is **DENIED**.

IT IS SO ORDERED.



*Eleni M. Roumel*
ELENI M. ROUMEL
Judge